## GREAT AMERICAN INS. CO. v. WILLIAMS et al.

No. 16467—Opinion Filed March 2, 1926.

Rehearing Denied Jan. 18, 1927.

**1. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

A judgment based upon the verdict of a jury, in the trial of a law action, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict of the jury.

**2. Appeal and Error—Harmless Error—Rulings of Court.**

A ruling of the court in the trial of an action, which may be error in form, but not in substance, is harmless error.

**3. Insurance—Fire Policy—Recovery on Mortgage Clause—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by Clara D. Williams against the Great American Insurance Company and others to recover debt on mortgage clause in insurance policy. Judgment for plaintiff, and the insurance company brings error. Affirmed.

Albert L. McRill and Jas. C. Cheek, for plaintiff in error.

Utterback & Stinson, for defendant in error Clara D. Williams.

Opinion by STEPHENSON, C. C. G. Shane et al., who owned improved city property, executed their real estate mortgage to Clara D. Williams, to secure the payment of certain indebtedness to the plaintiff. The owners, pursuant to a provision of the mortgage, procured an insurance policy on the property from the insurance company for the sum of $2,500, and instructed the company to attach a mortgage clause in favor of the plaintiff. The improvements were totally destroyed by fire, while the mortgage existed, during the life of the policy. The plaintiff commenced her action against the insurance company to recover on the mortgage clause, and joined the owners of the property and the Commerce Trust Company, a junior mortgagee, as defendants. The trial of the cause resulted in judgment for the plaintiff for the full amount of the policy. The insurance company has appealed the cause here for review.

The plaintiff bases her right of recovery on a mortgage clause in her favor, attached to the policy. The defendant included a general denial with other defenses. The plaintiff filed a reply by way of general denial to the answer. The insurance policy was never delivered to the plaintiff. In the course of the trial the evidence disclosed that the policy carried a mortgage clause in favor of the Commerce Trust Company instead of the plaintiff. C. C. Hatchett, a member of the Durant bar, testified to the effect that he was authorized by a power of attorney from the owners to collect rents from the property, and look after the interest of the owners therein. The witness testified that he requested the agents of the insurance company to issue a fire insurance policy on the property, in favor of the owners, for the sum of $2,500, and attach thereto a mortgage clause in favor of the plaintiff. The insurance agent testified that he issued the policy, but did not have an independent recollection of issuing and attaching the mortgage clause to the policy, pursuant to the instructions of Hatchett. The plaintiff prayed leave and was allowed to amend her reply to allege that the mortgage clause was issued in the name of the Commerce Trust Company by mistake, and prayed the court to reform the mortgage clause to the extent of substituting the name of the plaintiff for the Commerce Trust Company. The insurance company moved the court to strike the amendment from the reply, as it was a departure from the cause of action set forth in the petition. The motion was denied. Judgment went in favor of the plaintiff for reformation of the

mortgage clause, and judgment thereon in the sum of $2,500. The insurance company assigns the action of the court, in permitting the amendment, as reversible error.

The findings of the issues of fact against the insurance company placed the latter in the attitude of being indebted on the policy, either to the plaintiff or the Commerce Trust Company, but the Commerce Trust Company is not complaining about the ruling of the court, which had the effect of substituting the plaintiff, as beneficiary of the policy, in the place of the former.

It can be of no concern to the insurance company whether it pays the proceeds of the judgment to the plaintiff or the Commerce Trust Company, provided a satisfaction of the judgment will bar all claims of the Commerce Trust Company. Since the issues of fact were found against the insurance company as to liability on the mortgage clause, the reformation of the clause in favor of the plaintiff affected only the rights of the Commerce Trust Company.

Since the insurance company is bound to pay the proceeds of the policy either to the plaintiff or the trust company, it cannot complain of the judgment of reformation in favor of the plaintiff, as the present state of the record will bar any claims of the Commerce Trust Company, either in the judgment or the policy. If the Commerce Trust Company makes no complaint of being deprived of the benefits of the policy, and surrenders its right in favor of the plaintiff, then the amendment becomes of no concern to the insurance company. Auto. Ins. Co. of Hartford, Conn., v. Lewis, 93 Okla. 280, 220 Pac. 639; sec. 319, C. O. S. 1921.

The plaintiff in error questions the sufficiency of the evidence to support the findings of the issues in favor of the plaintiff. We have examined the evidence on this question, and find sufficient competent evidence to support the judgment.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853 §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (2) 4 C. J. p. 908 §2878; 2 R. C. L. p. 233; 1 R. C. L. Supp. p 464. (3) 4 C. J. p. 1129 §3122.